UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SOTO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M.E. SPEARMAN,<br><br>　　　　Respondent. | No. 2:17-cv-2498 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 3, 4. Petitioner has also filed a motion to submit additional exhibits in support of his petition. ECF No. 1.

I.  APPLICATION TO PROCEED IN FORMA PAUPERIS

A review of plaintiff's application to proceed in forma pauperis makes the showing required by statute. See ECF No. 4. However, the court will not assess a filing fee at this time. Instead, for the reasons stated below, the undersigned will recommend summary dismissal of the petition.

II.  PETITION

Petitioner has filed a habeas corpus petition challenging the denial of parole as a violation of his Due Process Rights. ECF No. 3. Specifically, he contends that the thirteen factors listed

1

by the Board of Parole Hearings ("BPH") to deny petitioner a parole release date show that the BPH is a "corrupt and biased institution which is pro-incarceration and is in the business of maintaining the status quo: '[o]vercrowded facilities'." ECF No. 3 at 7 (brackets added).

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas relief is not available for alleged errors of state law. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Parole decisions and attendant proceedings are creatures of, and governed by, state law. See, e.g., Valdivia v. Schwarzenegger, 599 F.3d 984, 991 (9th Cir. 2010) (stating parole revocation proceedings are governed by state law). Therefore, challenges to such proceedings are generally unreviewable in federal court.

Although petitioner frames his claims in terms of due process, and alleges in conclusory fashion that he has been denied an impartial tribunal, the petition quite clearly challenges the substantive basis for the BPH's decision to deny petitioner parole. For example, Claims One and Two allege denial of an impartial hearing; petitioner's supporting facts consist of a point-by-point refutation of BPH's grounds for denial. ECF No. 3 at 5, 7-15.[1] Claim Three alleges use of false evidence and perjured testimony; petitioner disputes the veracity of statements opposing his parole, and the reliability of the evidence upon which he was convicted. Id. at 16-18. Claim Four challenges the duration of the denial, and the BPH's stated reasons for making it a ten-year denial. Id. at 20-22. All of these grounds for relief challenge the substantive basis for the denial of parole. Such claims may not be entertained by this court. Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (federal habeas jurisdiction does not extend to review of the basis for state parole

////

---

[1] Petitioner has alleged no facts other than the BPH's decision itself to indicate corruption or bias.

decisions). Accordingly, his use of due process language cannot overcome application of <u>Swarthout</u>.

For these reasons, the court will recommend that this action be summarily dismissed and that the motion to submit additional exhibits be denied as moot.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

### IV. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

A recommendation is being made to dismiss your petition without leave to amend and to deny your motion to file additional exhibits because the allegations in your petition do not state any claims for relief. Federal courts do not have jurisdiction to review state denials of parole.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 4) is DENIED, and

2. The Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. The petition (ECF No. 3) be summarily DISMISSED for lack of habeas jurisdiction

2. Petitioner's motion to submit additional exhibits (ECF No. 1) be DENIED as moot, and

3. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate

3

Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE